IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|   |   |
|---|---|
| IN RE RONALD DWAYNE WHITFIELD § § § § | MISC. NO. C-07-91 |

**MEMORANDUM AND RECOMMENDATION TO DENY
LEAVE TO FILE A PETITION FOR
<u>WRIT OF HABEAS CORPUS OR A CIVIL RIGHTS ACTION</u>**

Texas state prisoner Ronald Dwayne Whitfield is currently incarcerated in the McConnell Unit in Beeville, Texas. On July 19, 2007, he filed a motion for leave to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1).[1]

## I. BACKGROUND

Petitioner is an abusive litigant who has accumulated in excess of three strikes pursuant to 28 U.S.C. § 1915(g). Therefore, he is barred from proceeding <u>in forma pauperis</u> in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury. More important, he has been sanctioned by various courts as a result of his frequent frivolous filings.[2] Notably, the sanctions lodged against him include orders from

---

[1] The pending motion indicated that two other Texas state prisoners, Ricky Dale Peavy and Dewayne Lee Waldrup, also seek to file a petition pursuant to § 2241. On August 13, 2007, they were both ordered to refile amended petitions within twenty days. (D.E. 2, 3).

[2] Petitioner has been sanctioned repeatedly and has had numerous actions dismissed because they were frivolous. <u>Whitfield v. Mitchell</u>, No. 93-1566 (5th Cir. Aug. 18, 1993)

various courts that he may not file documents in those courts without first obtaining permission. Indeed, he filed four motions for leave to file suit last year in the Corpus Christi Division. See Whitfield v. Tex. Bd. of Crim. Justice, No. 06-cv-42 (S.D. Tex.); Whitfield v. Tex. Dep't of Crim. Justice - Institutional Div., No. 06-mc-41 (S.D. Tex.); In re Whitfield, No. 06-mc-75 (S.D. Tex.); Whitfield v. Quarterman, No. 06-mc-94 (S.D. Tex.). All of these motions have been denied. Due to his repeated abusive filings, petitioner has been barred from filing petitions for certiorari or for extraordinary writs in noncriminal matters without paying the

---

(unpublished); Whitfield v. Collins, 4:94-cv-872 (S.D. Tex. Oct. 24, 1994) (warning issued); Whitfield v. State of Texas, et al, 6:95-cv-091 (W.D. Tex. May 9, 1995) (sanctioned $120.00 and barred from filing new civil actions until paid); Whitfield v. Scott, 6:95-cv-433 (E.D. Tex. June 28, 1995) (prevented from filing action and warned about circumventing federal court sanctions); Whitfield v. Lanier, No. 94-20069 (5th Cir. Mar. 2, 1994) (unpublished) (1st strike for frivolous appeal); Whitfield v. Klevenhagen, No. 94-20068 (5th Cir. Mar. 2, 1994) (unpublished) (2nd strike for frivolous appeal); Whitfield v. Lanier, No. 94-20353 (5th Cir. June 2, 1994) (unpublished) (sanctioned $50.00); Whitfield v. Webb, et al, 4:94-cv-4194 (S.D. Tex. Feb. 23, 1995) (sanctioned $25.00); Whitfield v. Collins, et al, 4:94-cv-2630 (S.D. Tex. Jan. 9, 1996) (sanctioned $50.00 and barred from filing new civil rights actions); Whitfield v. Lanier, No. 96-20971 (5th Cir. Nov. 5, 1996) (unpublished) (warned regarding frivolous filings); In re: Ronald Whitfield, No. 97-00395 (5th Cir. Oct. 7, 1997) (unpublished); Whitfield v. Johnson, 4:97cv3148 (S.D. Tex. Oct. 30, 1997) (barred from proceeding in forma pauperis without Court's permission); In re: Ronald Whitfield, No. 97-00454 (5th Cir. Oct. 7, 1997) (unpublished) (regarding No. 6:95-cv-091 (W.D. Tex.) (plaintiff is barred from proceeding in forma pauperis and later sanctioned $200 for repeated disregard for court orders and repeated abuse of the judicial system)); Whitfield v. Johnson, 4:94-cv-2767 (S.D. Tex. May 15, 2000) (sanctioned $750 for his "unregenerate abuse of the judicial system"); Whitfield v. Ott, et al, 4:00-cv-2367 (S.D. Tex. July 17, 2000) (sanctioned $200.00 for repeated disregard of court orders); In re: Ronald Dwayne Whitfield, No. 00-00054 (5th Cir. Oct. 24, 2000) (unpublished) (barred based on three-strikes rule); Whitfield v. Cockrell, 4:02-cv-4218 (S.D. Tex. Dec. 12, 2002) (plaintiff is barred from future filings and the clerk is instructed to return future submissions in envelope marked "Frivolous Filer, Return to Sender"); Whitfield v. Scott, 6:97-cv-27 (E.D. Tex. Jan. 23, 1997) (sanctioned $120.00); Whitfield v. Dretke, et al, No. 03-20424 (S.D. Tex. Dec. 2, 2003) (unpublished) (sanctioned $200.00 and barred from filing based on three-strikes rule). There is no indication that petitioner has paid any of these fines.

fee. Whitfield v. Texas, 527 U.S. 885, 885-86 (1999) (per curiam).

Instead of completing the form for filing a writ of habeas corpus, petitioner attaches a lengthy memorandum. (D.E. 1). It appears that he is attacking various convictions in cause number 492,674 in the 351st Judicial District Court of Harris County, Texas, cause numbers 525,468 and 528,856 in the 337th Judicial District Court of Harris County, Texas, and cause numbers 557,164 and 617,718 in the 174th Judicial District Court of Harris County, Texas. Id. at 28. However, he fails to provide any information regarding the dates or charges in these convictions.

Petitioner originally received probation in his conviction for theft in cause number 525,468, but on July 26, 1989 his probation was revoked and he was sentenced to five years incarceration. Whitfield v. State, 2005 WL 310062, at *1 (Tex. App. Feb. 10, 2005) (per curiam) (unpublished). Furthermore, he "was convicted of the offense of burglary of a motor vehicle with intent to commit theft in case number 528,856, and on August 11, 1989, [he] was sentenced to confinement for five years." Id.; see also In re Whitfield, 2000 WL 567558, at *1 (Tex. App. May 11, 2000) (per curiam) (unpublished). "After a jury trial in cause number 617,718, [petitioner] was convicted of the offense of burglary of a building with intent to commit theft, enhanced by two prior felony convictions. On June 5, 1992, appellant was sentenced to confinement ... for thirty-five years." Whitfield v. State, 2005 WL 486628, at *1 (Tex. App. Mar. 3, 2005) (per curiam)

(unpublished); see also Whitfield v. State, 1993 WL 322738 (Tex. App. Aug. 26, 1993) (unpublished) (affirming sentence of 35 years).

Regarding his civil rights action, instead of completing the form for filing a § 1983 action, petitioner weaves his complaint into the lengthy memorandum. Specifically, he alleges two claims. First, he asserts that he is subjected to excessive heat that causes him to become fatigued. (D.E. 1, at 13). Second, he alleges that he is famished because the food that he receives is low in calories and small in portions. Id. at 13-14.

## II.  DISCUSSION

Petitioner provides no evidence that he has exhausted his administrative remedies. 28 U.S.C. § 2254(b)(1)(A); see also Neville v. Dretke, 423 F.3d 474, 478 (5th Cir. 2005) ("the district court cannot grant habeas relief unless the applicant has exhausted available state court remedies"). Moreover, given the dates of his convictions, it appears that any petition would be untimely. 28 U.S.C. § 2254(d)(1) (one-year statute of limitations); Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998) ("a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete"); see also Kiser v. Johnson, 163 F.3d 326, 327 (5th Cir. 1999) ("In cases where the petitioner's conviction became final before the enactment of the AEDPA, as here, the time limit runs from April

24, 1996, the date of the AEDPA's enactment.").

Additionally, petitioner's motion does not directly address issues related to his underlying state convictions. Instead, he makes conclusory allegations sprinkled with legal citations with quotations (many irrelevant to the issues at hand). Ultimately, he provides nothing to support granting his motion.

Regarding petitioner's civil rights claims, he is a litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is therefore, barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury. He makes no such assertion or showing in his current complaint. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). Instead, he simply complains that his conditions are hot and he feels the food is inadequate. (D.E. 1, at 13-14). This Court has previously determined that petitioner's complaints about his "excessively hot cell" do not establish he "is in imminent danger of physical injury." In re Whitfield, No. 2:06-mc-75, 2006 WL 2794929 at *2 (S.D. Tex. Sept. 27, 2006) (unpublished). Similarly, his complaints about his food do not establish physical injury is imminent. Cf. Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (doubting that the loss of fifty meals and about fifteen pounds over five months denied inmate "anything close to a minimal measure of life's necessities").

Finally, petitioner does not establish that he has paid any of the sanctions levied against him. He has been barred from filing any actions by this Court as well as the Fifth Circuit and other federal courts. The Fifth Circuit has held that a district court may honor the sanction order of another district court. Balawajder v. Scott, 160 F.3d 1066, 1067-68 (5th Cir. 1999) (per curiam).

### III.  RECOMMENDATION

Petitioner has not provided an adequate showing that such filing is warranted and appropriate. Therefore, it is respectfully recommended that his motion to file a petition for writ of habeas corpus or a civil rights action, (D.E. 1), be denied.

Respectfully submitted this 20th day of August 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).