IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| | § | |
| RONALD DWAYNE WHITFIELD, ET AL. | § | MISC. NO. C-07-091 |
| | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Petitioner Ricky Dale Peavy is a state prisoner incarcerated at the Coffield Unit in Tennessee Colony, Texas, and petitioner Dewayne Lee Waldrup is a state prisoner incarcerated at the McConnell Unit in Beeville, Texas (collectively referred to as "petitioners"). Petitioner Ronald Dwayne Whitfield filed a motion for leave to file habeas petitions on behalf of himself and the two other petitioners. (D.E. 1). For the reasons stated herein, it is respectfully recommended that the Court dismiss the actions by Peavy and Waldrup for failure to prosecute.

### I. BACKGROUND

Proceeding *pro se*, petitioners along with petitioner Ronald Dwayne Whitfield filed their motion for leave to file a habeas petition on July 19, 2007. (D.E. 1).[1] On August 13, 2007, orders were sent to petitioners requiring them to either pay the $5.00 filing fee, or file motions to proceed *in forma pauperis* with a

---

[1] Adopting a memorandum and recommendation, (D.E. 4), the Court denied Ronald Dwayne Whitfield's motion for leave to file. (D.E. 7).

current copy of their inmate trust fund account statement. (D.E. 2, 3). They were also ordered to file their habeas petitions on a form provided by the Clerk. (D.E. 2, 3). To date, petitioners have neither paid the filing fee, nor filed the motions. Moreover, they have not provided this Court with a copy of their habeas petitions on a form provided by the Clerk.

On September 5, 2007, this Court issued an Order to Show Cause why petitioners' actions should not be dismissed for want of prosecution, or alternatively, for petitioners to correct the deficient pleading. (D.E. 6). To date, petitioners have not responded to this Order to Show Cause.

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Petitioners have failed to take any action in response to this Court's orders to file a copy of the petition as well as addressing the deficiency regarding the filing fee. It is therefore respectfully recommended that the Court dismiss petitioners' actions for failure to prosecute.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss actions by petitioners Ricky Dale Peavy and Dewayne Lee Waldrup for failure to prosecute.

Respectfully submitted this 27th day of September 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).